UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY ALLEN COOK, | |
| Plaintiff, | Case No. C18-0025-RSM-JPD |
| v. | |
| KING COUNTY, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Jeffrey Cook has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's amended complaint, and the balance of the record, concludes that plaintiff has not stated a cognizable claim for relief in this action. This Court therefore recommends that plaintiff's amended complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

REPORT AND RECOMMENDATION
PAGE - 1

DISCUSSION

On January 8, 2018, plaintiff submitted to the Court for filing a pleading which he identified as a "Writ of Habeas Corpus."[1] (*See* Dkt. 1.) Plaintiff asserted therein that the King County Correctional Facility in Seattle, and the Maleng Regional Justice Center (RJC) in Kent, had violated his rights under the Eighth Amendment by failing to provide proper care for neurological conditions related to his diagnosis of traumatic brain injury. (*See id*. at 1-2.) Plaintiff also asserted that he had been denied a proper diet and a consistent supply of prescribed anti-seizure medication while confined. (*See id*. at 2.) Plaintiff identified "King County Jails" as the lone defendant, and he requested immediate release from custody in order to address the alleged lack of proper care at the correctional facilities. (*See id*. at 1, 4.)

On February 12, 2018, this Court issued an Order declining to serve the habeas petition and granting plaintiff leave to file a civil rights complaint. (Dkt. 4.) Plaintiff was advised therein that though he fashioned his pleading as one seeking federal habeas relief, his claim challenging the adequacy of the medical care provided by King County Department of Adult and Juvenile Detention (KCDAJD) facilities did not fall within the core of habeas corpus and could proceed only under § 1983. (*See id*. at 2-3.) The Court explained that it could construe plaintiff's habeas petition to plead a § 1983 action only with his consent, and that he would have to inform the Court whether he consented to proceed under § 1983 or whether he would prefer to withdraw his pleading and terminate the action. (*Id*. at 3.) The Court further explained that if plaintiff consented to proceed under § 1983, he would have to file an amended pleading because his "Writ of Habeas Corpus" did not adequately state a claim for relief under § 1983.

---

[1] Plaintiff was confined at the Maleng Regional Justice Center at the time he filed this action, but he has since been released from custody and he currently resides in Roswell, Georgia. (*See* Dkt. 1 at 8; Dkt. 6 at 6.)

REPORT AND RECOMMENDATION
PAGE - 2

On March 5, 2018, plaintiff filed a new pleading which he identified as an amended civil rights complaint. (*See* Dkt. 6.) Plaintiff asserted therein that King County has a policy or custom of not providing adequate health care. (*Id*. at 3.) Plaintiff claimed that he has not been provided any care for traumatic brain injury or for stroke, despite reporting symptoms of a brainstem stroke. (*Id*.) He further claimed that after suffering a "stroke event" at the RJC clinic, he was not provided any emergency care but was instead placed in administrative segregation for three weeks. (*Id*.) Plaintiff identified sixteen defendants in his amended complaint including: King County, Dr. Benjamin Sanders, Daniel T. Satterberg, Carlito Quibilan, Christopher Davis, Kristen Fadok, Kimerlynn Withers, Evelyn Oen, Mary Pat Sweetman, Jessie Temko, Pamela Dunderdale, Loc Nguyen, Debra Beckman, John Dirwayi, Catherine Schroeder, and Chyrl Maddox. (*Id*. at 2-3.)

After reviewing plaintiff's amended complaint, this Court determined that the pleading was deficient in various respects and, therefore issued an Order declining to serve the amended complaint and granting plaintiff leave to file a second amended complaint. (Dkt. 9.) In that Order, the Court explained that plaintiff had failed to adequately allege any cause of action against 14 of the 16 defendants named in the amended complaint. (*Id*. at 3.) The Court explained that, as to 13 of those defendants (defendants Quibilan, Davis, Fadok, Withers, Oen, Sweetman, Temko, Dunderdale, Nguyen, Beckman, Dirwayi, Schroeder, and Maddox), plaintiff had alleged no facts connecting the individuals to any violation of his federal constitutional rights. (*Id*.)

As to the remaining defendant, King County Prosecuting Attorney Daniel Satterberg, the Court explained that given the nature of plaintiff's claims, it appeared Mr. Satterberg was

REPORT AND RECOMMENDATION
PAGE - 3

entitled to absolute immunity in this civil rights action. (*See* Dkt. 9 at 3-4.) The Court also noted that even if Mr. Satterberg were not entitled to absolute immunity for all of plaintiff's intended claims against him, plaintiff had not alleged sufficient facts to demonstrate that Mr. Satterberg *personally participated* in causing plaintiff any harm of federal constitutional dimension as is required to state a viable claim for relief under § 1983. (*Id*. at 4 (citing *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)).)

Finally, the Court noted that plaintiff had not requested any appropriate form of relief in his amended complaint. Plaintiff claimed to be seeking "documentation and recording of complaints," a potential federal investigation of King County, and "social change around abuse and neglect of physical/mental health patients while incarcerated." (Dkt. 6 at 4.) The Court explained that it was not clear what plaintiff meant by "documentation and recording of complaints," and that the other two forms of relief were beyond the scope of what this Court could award in a civil rights action. (*Id*.)

Because of the deficiencies identified above, this Court declined to serve plaintiff's amended complaint, but granted him a final opportunity to amend his pleading to allege a viable claim for relief and to identify a viable form of relief. The time for filing a second amended complaint has passed, and plaintiff has not filed an amended pleading. Instead, plaintiff filed a document entitled "Amendment and response to Civil Rights Claim" in which he responds to the Court's prior Order, but without actually correcting any of the deficiencies identified therein. (Dkt. 13.) Plaintiff does make clear that he believes all of the JHS staff members listed in his amended complaint were involved in the abuses alleged therein, and that his claim is intended to encompass all of those individuals. (*See id*. at 1.) Plaintiff also indicates in his submission that

REPORT AND RECOMMENDATION
PAGE - 4

he is still attempting to collect and organize information to support his claims, and he suggests that he may have additional claims to present at a future date. (Dkt. 13 at 1.) At this point, however, plaintiff has not adequately alleged causes of action against each of the individuals whom he indicates he wishes to sue in this action, nor has he identified any viable form of relief.

## CONCLUSION

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Given that plaintiff has not adequately alleged causes of action against each of the named defendants, or identified any viable form of relief, and given that plaintiff indicates he is still collecting the information necessary to formulate the claims he wishes to pursue, this Court recommends that plaintiff's amended complaint and this action be dismissed at this time for failure to state a claim upon which relief may be granted. This dismissal should be without prejudice to plaintiff refiling this action at a time when he has in his possession the materials necessary to assert viable claims against all of the intended defendants. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 11, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no

timely objections are filed, the matter will be ready for consideration by the District Judge on **July 13, 2018.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 20th day of June, 2018.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6